UNITED STATES of America,
Plaintiff-Appellee,

v.

Carlton Ellis ALLISON et al.,
Defendants-Appellants.

No. 72-2828.

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 1973.

Arthur J. Hanes, Sr., Birmingham, Ala., for Allison and Perry.

J. Terry Huffstutler, Jr., Guntersville, Ala., for Holladay.

Robert B. French, Jr., Fort Payne, Ala., for Ralph Marquez.

James R. Venable, Decatur, Ga., for Bryant, Denson and Robinson.

Larry L. Debus, Phoenix, Ariz., for M. Marquez.

Wayman G. Sherrer, U. S. Atty., Albert C. Bowen, Jr., Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and DYER, Circuit Judges.

PER CURIAM:

This Dyer Act case was remanded to the district court for a limited post-trial hearing to determine whether there is a reasonable possibility that the presence of the alternate juror during the jury's deliberations affected the jury's verdict. The factual circumstances requiring the remand order and the directions given to the district court for an evidentiary hearing appear in our prior opinion, United States v. Allison, etc., 5 Cir. 1973, 481 F.2d 468.

The trial judge has conducted an evidentiary hearing, the transcript thereof and the court's findings and conclusions have been certified to us. The parties were requested to but have declined to file briefs on the remand issue. In the hearing each juror and the alternate was interrogated out of the presence of the other jurors. Following the hearing the trial judge entered an order containing detailed findings of fact and conclusions of law.

The procedures followed by the trial judge and the standards employed by him complied with our remand directions. We find no error in the trial judge's conclusion that there is no reasonable possibility that the presence of the alternate juror during the jury's deliberations affected the verdict.

The findings and conclusions of the district court on remand are affirmed. This requires that the convictions be, and they hereby are

Affirmed.