STATE of North Dakota, Plaintiff and Appellee,

v.

Darwin Luwelen WOLF a/k/a John Miller, Defendant and Appellant.

Cr. No. 958.

Supreme Court of North Dakota.

April 24, 1984.

Robert G. Hoy, State's Atty., Fargo, for plaintiff and appellee.

William Kirschner, Fargo, for defendant and appellant.

GIERKE, Justice.

Darwin L. Wolf appeals from a judgment of conviction entered by the County Court of Cass County on a jury verdict finding him guilty of theft of property. Wolf asserts on appeal that he was denied his Sixth Amendment right to effective assistance of counsel. We disagree and accordingly affirm the judgment.

In a criminal complaint dated March 16, 1983, Wolf was charged with theft of property by deception pursuant to Section 12.1–23–02 of the North Dakota Century Code. This charge stemmed from an incident in which Wolf, on November 4, 1982, allegedly purchased two Chester White hogs from Lyle R. Olson, a farmer who lived near Leonard, with a counter check drawn for $450 and signed with the name "John Miller." The Security National Bank of Edgeley later returned the check to Olson unpaid and bearing the marking "No Account."

On March 14, 1983, a deputy of the Cass County Sheriff's Office went to the Olson farm to show Olson and his son seven different photographs of possible suspects. Both identified Wolf's picture as being that of the man who purchased the hogs. They also identified Wolf at a six-person lineup, at which Wolf was accompanied by retained counsel. Olson and his son later testified and identified Wolf at trial.

Arnold Wipf, the State's rebuttal witness, identified Wolf as the person who had purchased a meat grinder from him near Glyndon, Minnesota in the late afternoon hours of November 3, 1982. He testified that Wolf had given him a similar counter check signed with the name "John Miller." Olson and his son testified that the man who purchased the hogs with the counter check had a meat grinder in the back of his pickup truck.

Wolf relied on an alibi defense during the trial. Wolf testified that he was working as a farmhand at a ranch located near Glen Ullin at the time of the incident, nearly 250 miles from Leonard, and denied having any involvement in the crime. The defense also presented the testimony of a friend of Wolf who stated that he had spent the evening of November 2, 1982, with Wolf in Bismarck. Wolf's employer at the time of the incident also testified that she had seen Wolf on the morning of November 3, 1982, at the ranch near Glen Ullin. The manager of Central Livestock in West Fargo also testified for the defense.

The jury deliberated approximately 90 minutes before finding Wolf guilty.

In his appeal, Wolf asserts that he was denied effective assistance of counsel because his trial counsel did not file a motion to suppress the in-court identifications and because trial counsel did not subpoena additional alibi witnesses and Wolf's telephone records.

■■■ The standard of effective counsel is " 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' " *State v. Jensen,* 333 N.W.2d 686, 697 (N.D. 1983) [quoting *West v. State of Louisiana,* 478 F.2d 1026, 1033 (5th Cir.1973)]. Furthermore, defense counsel in a criminal case is presumed [1] to be competent and adequate in the absence of evidence overcoming the presumption, and the party alleging inadequacy of defense counsel has the burden of proving this fact. *State v.*

*Mehralian,* 301 N.W.2d 409, 415 (N.D. 1981).

Wolf's first allegation of ineffective assistance concerns his trial counsel's failure to make a pretrial motion to suppress the in-court identifications of Wolf by the State's main witnesses. Wolf asserts in his brief that "*[i]f* that photographic identification procedure was impermissibly suggestive and thus gave rise to a substantial likelihood of irreprable [*sic*] misidentification the identification at trial should be suppressed." [2] [Emphasis added.] Wolf has not alleged that any irregularities occurred when the Olsons were shown the seven photographs or attempted to establish through affidavits or other comparable means that the procedure was impermissibly suggestive.

In *State v. Kroeplin,* 266 N.W.2d 537 (N.D.1978), this court was faced with a similar assertion. In *Kroeplin,* the defendant contended in part that trial counsel's failure to initiate pretrial motions for the suppression of physical evidence denied her effective assistance of counsel. We concluded that because the defendant in her brief had neither alleged nor established in what manner she was prejudiced by this failure, "no showing was made that defendant was denied adequate representation ...." *Kroeplin, supra,* 266 N.W.2d at 542.

*Kroeplin* underscores the basic proposition that claims of ineffective assistance of counsel based on trial counsel's failure to file a suppression motion must be premised on actual, not possible, prejudice to the defendant. *See, e.g., United States v. Daniels,* 558 F.2d 122, 126 (2nd Cir.1977);

1. Wolf asserts that we should reconsider the validity of this presumption in light of the United States Supreme Court's decisions in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), because "this case involves the violation of a constitutional right." Wolf's reliance on these cases is misplaced because we are not dealing with an impermissible presumption of an element of a crime. *See State v. Trieb,* 315 N.W.2d 649, 654 n. 6 (N.D.1982).

2. In *State v. Lewis,* 302 N.W.2d 396, 398 (N.D. 1981), this court stated:

"A conviction based upon eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was impermissibly suggestive and gave rise to a very substantial likelihood of irreparable misidentification. In addition, the claim must be evaluated in light of the totality of surrounding circumstances. *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *State v. Lewis,* 300 N.W.2d 210 (N.D.1980)."

*State v. Hunt,* 212 Neb. 304, 307, 322 N.W.2d 624, 627–628 (1982).

The rationale for this rule is obvious. As the Second Circuit Court of Appeals stated in *LiPuma v. Com'r, Dept. of Corrections, St. of N.Y.,* 560 F.2d 84, 93 (2nd Cir.), *cert. denied,* 434 U.S. 861, 98 S.Ct. 189, 54 L.Ed.2d 135 (1977):

"[T]o rule otherwise would go a long way towards affirmatively requiring defense counsel to file a suppression motion no matter how tenuous the grounds supporting it, for counsel's own protection if for no other reason. Counsel must be able to exercise professional discretion in deciding whether there are sufficient grounds for a potentially meritorious suppression motion. Such strategic and discretionary decisions are not lightly to be reexamined by courts whenever the defendant is convicted and a new or revived claim of ineffective assistance of counsel is raised, almost automatically, by the defendant. . . ."

■ Wolf appears to argue that the unreliability of eyewitness testimony requires pretrial challenges in all cases. However, we are not prepared to hold that all investigative identification procedures are so inherently fraught with constitutional infirmities as to require a per se rule subjecting every such procedure to pretrial scrutiny through the use of a suppression hearing.

■ The record reflects that Wolf's trial counsel cross-examined the Olsons concerning their viewing of the seven photographs. Furthermore, Wolf's trial counsel attacked the identification of Wolf by State's witnesses throughout the trial. Nothing in the testimony elicited during the trial even remotely suggests that any improprieties occurred during the photographic procedure. Wolf's claim that he was denied effective assistance of counsel because his trial counsel did not file a motion to suppress the in-court identifications, without any assertion or indication whatsoever that anything improper occurred, is clearly without merit. *Cf. State v. LaFromboise,* 246 N.W.2d 616, 620–621 (N.D.1976).

■ Wolf also asserts that he was denied effective assistance of counsel because his trial counsel did not subpoena two additional alibi witnesses and Wolf's telephone records. Wolf claims the telephone records of the day of the incident may have led to the names of other potential alibi witnesses. However, Wolf has not offered any affidavits or demonstrated in any way that the testimony of these additional witnesses or his telephone records would have aided Wolf's defense. *See State v. Mehralian,* 301 N.W.2d 409, 416 (N.D.1981).

■ A challenge premised on incompetent counsel "requires the challenger to point out with specificity or particularity how and where the trial counsel was incompetent and *the probable different result.* In absence of any such showing we are compelled to reject the contention that trial counsel acted incompetently." *State v. Kroeplin,* 266 N.W.2d 537, 544 (N.D.1978). [Emphasis added.]

■ In any event, the decision to present the testimony of a specific witness instead of the testimony of another relates to trial strategy and as such will not support a claim of ineffective assistance of counsel. *Smith v. Woodley,* 164 N.W.2d 594 (N.D. 1969):

The comments of this court in *State v. Motsko,* 261 N.W.2d 860, 863 (N.D.1977), are equally applicable in this case:

"It is all too easy to think that a verdict of guilty shows that the tactics used at the trial failed, and from that jump to the conclusion that other tactics would have succeeded, and from that to the conclusion that the attorney must have been incompetent for not using successful tactics. This approach, of course, ignores the possibility that the defendant may be guilty and that no defense lawyer could succeed in obtaining an acquittal if the prosecution is reasonably competent and the court commits no reversible error."

We have reviewed the record in this case and conclude that Wolf was not denied effective assistance of counsel.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and SAND, PEDERSON and VANDE WALLE, JJ., concur.