**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Donald E. WILSON, Defendant and Appellant.**

Cr. No. 910335.

Supreme Court of North Dakota.

July 28, 1992.

Wayne D. Goter (argued), Bismarck, for defendant and appellant; appearance by Donald E. Wilson.

Charles R. Isakson (argued), State's Atty., Stanton, for plaintiff and appellee.

JOHNSON, Justice.

Donald Wilson appeals from a conviction by a jury for delivery of a controlled substance in violation of section 19–03.1–23, N.D.C.C. We affirm.

This is the third time that Wilson has appealed to this Court. *State v. Wilson,* 466 N.W.2d 101 (N.D.1991); *State v. Wilson,* 450 N.W.2d 422 (N.D.1990). This appeal follows a new trial, which was held in Mercer County on September 18, 1991.

On January 23, 1989, Linda Keller, a police informant and former companion of Wilson, discussed and completed a purchase of marijuana from Wilson. Charles Turner, special agent of the Narcotics Division of the North Dakota Bureau of Criminal Investigations, testified that Wilson was targeted for this investigation because Keller indicated she had previously purchased marijuana from Wilson. Keller testified that she met with Wilson twice. Prior to the first meeting, Keller was searched and wired with radio equipment. She met with Wilson and gave him $100. She then went home, but was accompanied by law enforcement officers until she again met with Wilson. At this time, she received a baggie containing a green substance. Analysis of the substance revealed that it was composed of parsley and marijuana. Testimony of the law enforcement officers revealed that they did not search Keller prior to her meeting with Wilson, but that a search was conducted by a female employee of the Mercer County Sheriff's Department who did not testify at trial. Wilson's trial attorney made no objection to the hearsay testimony regarding the search of Keller.

On appeal, Wilson raises two issues: (1) Whether the trial court abused its discretion in not ordering a new trial at a later date; and, (2) Whether Wilson was denied the effective assistance of counsel.

■ Wilson's first issue involves the inclusion of the alternate juror in the jury deliberations. After the trial was concluded, the judge had the bailiff retire the jury, but neglected to dismiss the alternate juror.[1] When the error was discovered, the judge consulted with Wilson, his attorney, and the State's Attorney on the record. The following exchange took place:

1. We note that the inclusion of an alternate with the jury during deliberations is one of first impression in this state. However, there have been other outside influences on juries that have been addressed. *See State v. Abell,* 383 N.W.2d 810 (N.D.1986) (jury requested and was given a dictionary to use; the Court remanded for a new trial concluding that there was a reasonable possibility that the jury's use of the dictionary could have affected the verdict); *Keyes v. Amundson,* 343 N.W.2d 78 (N.D.1983) (standard for the trial court was to determine if there was a reasonable possibility that the extrinsic material affected the verdict, and if so a new trial is required); *Demaray v. Ridl,* 249 N.W.2d 219 (N.D.1976) (law book open to same type of case as the jury was deciding prompted the court to grant a new trial).

THE COURT: Any objection if I bring the jurors into the courtroom, excuse the alternate juror and tell them to commence their deliberations from the beginning?

MR. ISAKSON [State's Attorney]: State would have no problem with that, Your Honor.

MR. SLETTEN [Wilson's Attorney]: Any thoughts on that?

MR. WILSON: Yeah, but I don't want nothing thrown at me so I don't want to—

MR. SLETTEN: Do you want to go out and talk to me for a minute about it?

MR. WILSON: Sure.

(Interval.)

THE COURT: Okay. You are back in the room.

MR. SLETTEN: We've talked it over. We are asking that you declare a mistrial.

THE COURT: We'll start trial tomorrow at 9 o'clock. We'll call in the jury tomorrow for the morning if you do that. Tomorrow at 9.

MR. SLETTEN: Pardon? Is that what you would do? Do it right away?

THE COURT: Yes.

MR. SLETTEN: There is no point in doing this tomorrow, Don. Let's agree then that the judge will take them out, remove the one juror and instruct them to disregard what he said and we'll live with the verdict. Fair enough?

MR. WILSON: Definitely fine with me.

THE COURT: That's what I'll do. I think there is some legal bases [sic] for proceeding that way. They could deliberate for six hours and one of them have to be let go and I could call the alternate in and tell them to commence their deliberations from the beginning. That would be perfectly in accordance with case law as I understand. I don't see anything improper with this and I'll do it right away.

The court immediately called the jury into the courtroom, excused the alternate, and gave a curative instruction.[2]

When the trial court failed to dismiss the alternate, it violated Rule 24(c) of the North Dakota Rules of Criminal Procedure.[3] The trial court was willing to give Wilson a new trial due to this error. However, after consulting his attorney, Wilson agreed that he would allow the alternate to be dismissed and accept the verdict.

 Our case law allows a defendant to waive many constitutional rights, as long as the waiver is made voluntarily, knowingly, and intelligently. *See City of Fargo v. Christiansen*, 430 N.W.2d 327 (N.D.1988) (defendant can waive right to counsel if such waiver is knowingly and intelligently made); *State v. Haugen*, 384 N.W.2d 651 (N.D.1986) (defendant can waive right to jury trial but such waiver must be a voluntary, knowing, and intelligent decision done with awareness of circumstances and possible outcomes); *State v. Carlson*, 318 N.W.2d 308 (N.D.1982), *cert. denied*, 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 609 (1982) (defendant can waive

**2.** The instruction given by the court was as follows:

> I am going to ... excuse the alternate juror and instruct the jury you should disregard everything that was said by him during his deliberations, if anything was in fact said, and you should commence the deliberations among the twelve of you from the beginning and disregard everything that has been said so far.... Please disregard everything that was said up to this point and commence your deliberations from the beginning and you can go back in the jury room.

**3.** Rule 24(c), N.D.R.Crim.P., states in part:

> (c) *Alternate jurors.* The court may direct that not more than four jurors in addition to

the regular jury be called and impaneled to sit as alternate jurors. Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath, and shall have the same functions, powers, facilities and privileges as the regular jurors. An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict.

*Miranda* warnings, but the waiver must be voluntarily, knowingly, and intelligently made under the totality of the circumstances); *see also* Rule 23(a), N.D.R.Crim.P. (defendant may waive a jury trial in writing or in open court). We find that such waivers of constitutional rights must not be inferred, but must be clearly and intentionally made. *State v. Manning*, 134 N.W.2d 91, 97 (N.D.1965). Where a record is silent, a waiver cannot be presumed. *State v. Kranz*, 353 N.W.2d 748, 752 (N.D.1984). In fact, there is a presumption against waivers. *Id. Manning*, 134 N.W.2d at 97.

Wilson had opportunity to discuss the presence of the alternate with his attorney when they left the courtroom. Wilson requested a mistrial because of the alternate's presence in the jury room. The trial court was willing to grant Wilson a new trial the next day. Wilson claims that the trial court abused its discretion by setting the trial for the next day because, under section 29–16–07, N.D.C.C., defendants are allowed one day of trial preparation.[4] We recognize that section 29–16–07 requires at least one day preparation after a not guilty plea. However, this was not the case with Wilson's trial. He was allowed adequate trial preparation time prior to the September 18, 1991, trial. In fact, this was the second trial for Wilson. We cannot assume that setting a new trial for the next day was burdensome to Wilson. If the parties were prepared for trial, it may be assumed that starting again the following day would not create new problems of preparation. We do not conclude that the trial court abused its discretion or violated section 29–16–07, N.D.C.C.

Wilson knowingly, after conferring with counsel, waived his right to a new trial, by stating that he wanted to continue. While there might have been more extensive and private consultation, such is not required. Because we decide that Wilson knowingly waived his right to a new trial, we do not address the affect of the inclusion of an alternate juror in the jury deliberations.[5]

Wilson's second issue involves a claim of ineffective assistance of counsel. Wilson alleges that he was deprived of effective assistance of counsel because his trial attorney allowed certain hearsay testimony into evidence. Wilson claims this testimony would not have been admissible under Rules 403, 404(b), 801, and 802 of the North Dakota Rules of Evidence. Specifically, Wilson claims two errors regarding the admission of hearsay testimony: (1) Counsel did not object to hearsay testimony regarding the search of the police informant prior to the alleged delivery of marijuana;[6] and, (2) Counsel did not object to testimony that

**4.** Section 29–16–07, N.D.C.C., states:

> After a plea of not guilty, the defendant, if he requests it, is entitled to at least one day to prepare for trial, and further time for good cause shown.

**5.** Other jurisdictions have varying approaches to alternate juror's contact with the jury during deliberations. *See State v. Menuey*, 239 Neb. 513, 476 N.W.2d 846 (Neb.1991) (alternates presence was an intrusion upon the jury, but not every intrusion requires a new trial). *State v. Crandall*, 452 N.W.2d 708 (Minn.Ct.App.1990) (court found that trial court erred when it failed to discharge the alternate before deliberations, the case was remanded for an evidentiary hearing to determine the nature of the alternate's interaction and if alternate was present during deliberations, then there was a presumption of prejudice to the defendant). *People v. Burnette*, 775 P.2d 583 (Colo.1989) (court held that by placing alternate with the jury, there was a presumption of prejudice, and if not rebutted required the reversal of a conviction). *United States v. Chatman*, 584 F.2d 1358 (4th Cir.1978) (defendant was given a new trial because of alternate's presence in the jury deliberation room). *United States v. Allison*, 481 F.2d 468 (5th Cir.1973) (court remanded for an evidentiary hearing to determine the affect of the alternate on the jury deliberations even though counsel agreed to allow the alternate to sit but not participate in the deliberations), *aff'd,* 487 F.2d 339 (5th Cir.1973) (court affirmed decision after evidentiary hearing where trial judge found no reasonable possibility that alternate juror's presence affected the verdict), *cert. denied,* 416 U.S. 982, 94 S.Ct. 2383, 40 L.Ed.2d 759 (1974). *United States v. Virginia Erection Corp.,* 335 F.2d 868 (4th Cir.1964) (the inclusion of the alternate with the jury during deliberations and with the consent of the defendant, violated the federal rules and the sanctity of the jury required a new trial).

**6.** We note that Linda Keller testified that she was searched at the police station before she was given the money.

Wilson was targeted because he had sold marijuana in the past. Wilson claims that this testimony created a reasonable probability of changing the outcome of the trial; however, Wilson does not indicate why or how the exclusion of these two pieces of evidence would have changed the guilty verdict. Additionally, Wilson claims that he was denied effective assistance of counsel when his attorney did not persist in the motion for mistrial. As we have already discussed, Wilson knowingly waived his right to a new trial; therefore, this argument is without merit.

We recognize that effective assistance of counsel is a guarantee of the Sixth Amendment to the United States Constitution and is applied to the States through the Fourteenth Amendment, and by Article I, Section 12, of the North Dakota Constitution. *State v. Ricehill,* 415 N.W.2d 481, 484 (N.D.1987). In *Ricehill,* this Court adopted a review standard for ineffective assistance of counsel claims raised on direct appeal.[7] The Court will review the whole record on appeal to determine if the record shows the defendant has been denied effective assistance of counsel. *Ricehill,* 415 N.W.2d at 485; *State v. Sayler,* 443 N.W.2d 915, 918 (N.D.1989).

We have stated, in several cases, that a defendant who claims ineffective assistance of counsel must establish two elements. *Houle v. State,* 482 N.W.2d 24 (N.D.1992); *State v. Woehlhoff,* 473 N.W.2d 446 (N.D.1991); *State v. Skaro,* 474 N.W.2d 711 (N.D.1991); *State v. Ricehill,* 415 N.W.2d 481 (N.D.1987); *State v. Kunkel,* 366 N.W.2d 799 (N.D.1985); *State v. Patten,* 353 N.W.2d 30 (N.D.1984); *see Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must prove that the counsel's performance was deficient. Second, the defendant must prove that the deficient performance prejudiced the defendant. The burden of proving an ineffective assistance of counsel claim is on the defendant. *State v. McLain,* 403 N.W.2d 16, 17

(N.D.1987). Defense counsel in a criminal case is presumed to be competent and adequate in the absence of contrary evidence. *State v. Wolf,* 347 N.W.2d 573, 575 (N.D. 1984). It is for trial counsel and not appellate courts to determine trial strategy and tactics. *State v. Motsko,* 261 N.W.2d 860, 864 (N.D.1978).

> In this analysis, the court works under a presumption that counsel's conduct is reasonable and it is up to the defendant to show that his representation fell below an objective standard of reasonableness. The court then scrutinizes that attorney's conduct very deferentially, making a conscious effort to limit the distorting effect of hindsight by reconstructing the challenged circumstances and evaluating the attorney's conduct from this perspective.

*State v. Micko,* 393 N.W.2d 741, 747 (N.D. 1986).

Our review of the record does not substantiate ineffective assistance of counsel. The claims of allowing certain hearsay testimony into evidence appear to be no more than second-guessing an unsuccessful defense. *See State v. Thompson,* 359 N.W.2d 374, 377 (N.D.1985). We reject Wilson's claim that the trial court abused its discretion by not ordering a new trial. However, because there has been no post-conviction relief hearing on the issue of ineffective assistance of counsel, we affirm the conviction, without prejudice to the raising of this claim at a proceeding for post-conviction relief.

We affirm.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

**7.** A claim for ineffective assistance of counsel generally is brought in a post-conviction proceeding so that a record can be established below. *State v. Frey,* 441 N.W.2d 668, 673 (N.D. 1989).