**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Cyrus W. ROBERTSON, Defendant and Appellant.**

**Crim. Nos. 920038, 920261.**

Supreme Court of North Dakota.

July 1, 1993.

Jeff Rotering, State's Atty., Hettinger, for plaintiff and appellee.

T.L. Secrest, Hettinger, for defendant and appellant.

Cyrus W. Robertson, pro se.

VANDE WALLE, Chief Justice.

Cyrus Robertson appealed from a criminal judgment of conviction (No. 920038) and from an order appointing counsel to represent him (No. 920261). We dismiss the appeal from the order appointing counsel, and we affirm the criminal judgment.

Robertson was charged with terrorizing and aggravated assault as a result of an incident occurring on June 30, 1991, in the home he shared with Natalie Lawrence, her daughter, and her daughter's boyfriend. William Heth was appointed to represent Robertson on July 2, 1991. Robertson was bound over to district court on July 31, 1991.

On October 10, 1991, Thomas Gunderson was substituted for Heth as Robertson's attorney. Gunderson represented Robertson at his trial on December 18–19, 1991. The jury found Robertson guilty of two counts of terrorizing, class C felonies, and one count of assault, a class A misdemeanor.

On January 27, 1992, T.L. Secrest was substituted for Gunderson as Robertson's attorney. On February 5, 1992, Robertson's criminal judgment and sentence were entered. Secrest filed a notice of appeal from the criminal judgment on Robertson's behalf on February 11, 1992.

On August 3, 1992, in response to a request by Robertson, the trial court substituted David F. Senn for Secrest as Robertson's attorney. On August 24, 1992, the trial court entered an order that vacated its August 3 order and reappointed Secrest to represent Robertson. On September 2, 1992, Robertson, pro se, filed a notice of appeal from the August 24 order reappointing Secrest.

Secrest filed a brief in which he (1) stated that he "has reviewed the transcript and applicable law to several possible issues from the transcript and he believes that there are no appealable issues with merit contained within the confines of the transcript"; and (2) presented a number of extra-record matters that Robertson wished to have presented in support of his claim that he had received ineffective assistance of counsel. Robertson also filed a brief on his own behalf in which he (1) listed twelve conclusory allegations denominated as "ISSUES"; (2) stated that he had been prejudiced by "his inability to retain his own counsel"; and (3) raised a number of extra-record matters which he claims show that he received ineffective assistance of counsel.

An order relieving an attorney from representation of a defendant or appointing an attorney to represent a defendant is not appealable under § 29–28–06, N.D.C.C. Thus, the trial court's order of August 24, 1993, which vacated the August 3, 1993, order and reappointed Secrest as Robertson's attorney, is not appealable. That appeal is, therefore, dismissed.

We recommend, however, that once having granted a motion to substitute counsel, the trial court let its decision stand. The order substituting counsel may have been improvidently granted. But, in the absence

of fraud or other similar circumstances, the interest and appearance of justice are ordinarily better served if the trial court abides by its decision rather than summarily reversing its prior order granting the request to substitute counsel.

With regard to an appointed attorney's assessment of the merits of an appeal, this court has observed that "the situation may arise where the trial court will have to designate an attorney to represent the defendant to the best of his ability notwithstanding the fact that the attorney does not believe the appeal has merit." *State v. Lewis*, 291 N.W.2d 735, 738 (N.D.1980). This is such a case. We have reviewed the record and agree with Secrest's assessment. No reversible errors appear of record.

Robertson claims ineffective assistance of counsel. On the record before us, we conclude that no attorney could successfully urge ineffective assistance of counsel as a ground for reversal of the conviction.

Generally, a claim of ineffective assistance of counsel is more effectively presented in a post-conviction proceeding under Chapter 29–32.1, N.D.C.C., than in a direct appeal from the judgment.[1] *State v. Ricehill*, 415 N.W.2d 481 (N.D.1987). A post-conviction proceeding affords an opportunity to establish a record below for review. *See State v. Wilson*, 488 N.W.2d 618, 622 n. 7 (N.D.1992). "Thus, in most instances, the issue of ineffective assistance of counsel should be raised before the trial court and a hearing held." *Woehlhoff v. State*, 487 N.W.2d 16, 18 (N.D.1992).

■ A defendant claiming ineffective assistance of counsel must establish two elements: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant. *E.g., State v. Wilson, supra.* We have established a procedure for reviewing claims of ineffective assistance of counsel:

"(1) Any defendant may raise the issue of ineffective assistance of counsel on direct appeal from the judgment of conviction even though the issue has not been raised in the trial court. We will review the entire record on appeal and if we can say that the defendant has been denied the effective assistance of counsel, we will reverse and remand for a new trial. (2) If we are unable to conclude from the record on appeal that the defendant's trial counsel was ineffective, and if we affirm on other issues in the case, we will affirm the judgment of conviction without prejudice to the defendant's right to raise the ineffective-assistance-of-counsel issue via appropriate post-conviction proceedings."

*State v. Woehlhoff,* 473 N.W.2d 446, 449 (N.D.1991).

From our review of the record on appeal, we do not conclude that Robertson's trial counsel was ineffective. We have already concluded that no reversible errors appear of record. We, therefore, affirm Robertson's judgment of conviction, without prejudice to his right to raise a claim of ineffective assistance of counsel in an appropriate post-conviction proceeding under Ch. 29–32.1, N.D.C.C.[2]

The appeal from the order appointing counsel is dismissed. The judgment of conviction is affirmed.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.

---

1. This is especially so in a case like this, where many of the allegations that Robertson cites as examples of ineffective assistance of counsel require the establishment of a record in order for this court to provide meaningful review of Robertson's claims.

2. We note that Robertson may be entitled to the appointment of counsel to represent him in the post-conviction proceeding. *See* § 29–32.1–05, N.D.C.C.