Filed 12/1/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 222

Donald Earl Wilson, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 990193

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Sandstrom, Justice.

Robert W. Martin, P.O. Box 2324, Bismarck, N.D. 58502-2324, for petitioner and appellant.

Ladd R. Erickson, Assistant State’s Attorney, 210 Second Avenue NW, Mandan, N.D. 58554, for respondent and appellee; submitted on brief.

Wilson v. State

No. 990193

Sandstrom, Justice.

[¶1] Donald Earl Wilson appeals from an order of the South Central Judicial District Court granting the State’s motion to dismiss his application for post-conviction relief.  We affirm in part, reverse in part, and remand on the remaining claims of ineffective assistance of counsel.

 

I

[¶2] Wilson was tried before a jury on three counts of delivery of a controlled substance.  At trial, during direct examination of one of the State’s witnesses, the prosecution approached the bench and told the judge a juror was sleeping.  The court immediately took a short recess, after which the court said if the jurors became noticeably tired, a break would be taken.  The trial resumed, and the jury convicted Wilson.

[¶3] Wilson then appealed to this Court.  On appeal, he argued he was deprived of his constitutional rights because a juror fell asleep during his trial.  
State v. Wilson
, 1999 ND 34, ¶ 14, 590 N.W.2d 202.  Wilson argued in his brief either obvious error occurred or his counsel was ineffective in failing to object and move for a new trial.  At oral argument, the ineffective counsel claim was mentioned.

[¶4] In affirming Wilson’s conviction, we noted N.D.R.Crim.P. 33 allows a criminal defendant to move for a new trial on the basis of jury misconduct.  
Wilson
, 1999 ND 34, ¶ 14, 590 N.W.2d 202.  Although we noted “Wilson neither objected nor asked for a mistrial” upon learning of the sleeping juror, and thus reversal would have required obvious error, not present in Wilson’s case, we did not specifically address Wilson’s ineffective counsel argument in the opinion.  
Id.
 at ¶¶ 14-15, 18.  Because the district court immediately called a recess when it learned the juror was sleeping, and because the juror fell asleep during the State’s presentation of evidence, we concluded “the district court took steps to ensure Wilson had a fair trial.”  
Wilson
, 1999 ND 34, ¶¶ 17-18, 590 N.W.2d 202.

[¶5] Wilson then filed an application for post-conviction relief in district court, seeking a new trial.  As grounds for the application, he stated he was denied effective assistance of counsel because his trial attorney “failed to properly investigate this case and to properly present the case to the jury during the trial.”  Wilson further stated his trial counsel was ineffective because “[h]e failed to object to the sleeping juror and failed to raise and protect issues that he had a duty to do in defending Wilson.”

[¶6] The State moved to dismiss the application, alleging the issue of ineffective assistance of counsel had already been raised on direct appeal.  Wilson resisted the motion, claiming the issue of ineffective counsel was only raised “as a collateral matter relating to the use of a paid informant and the question of a sleeping juror.”  The district court agreed with the State, and denied the application.  The district court found “the issues and allegations set forth by . . . Wilson in his application for post-conviction relief . . . are not sufficient under Section 29-32.1-01, N.D.C.C., so as to allow this Court to conduct a hearing thereon.”  The district court further stated, “issues raised by Donald Earl Wilson in [his application] are issues which were presented to and considered by the North Dakota Supreme Court in the defendant’s appeal of his conviction.”

[¶7] Wilson timely appealed.  N.D.R.Crim.P. 37(b); N.D.R.App.P. 4(b).  The district court had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29-28-06(4).

 

II

A

[¶8] “A defendant claiming ineffective assistance of counsel must establish two elements:  (1) counsel’s performance was deficient, and (2) counsel’s deficient performance prejudiced the defendant.”  
State v. Robertson
, 502 N.W.2d 249, 251 (N.D. 1993).  The prejudice portion of the test “requires the defendant to establish a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different, and the defendant must point out with specificity how and where trial counsel was incompetent and the probable different result.”  
DeCoteau v. State
, 1998 ND 199, ¶ 6, 586 N.W.2d 156 (citation omitted).

[¶9] In 
Robertson
, we stated “a claim of ineffective assistance of counsel is more effectively presented in a post-conviction proceeding under Chapter 29-32.1, N.D.C.C., than in a direct appeal from the judgment.”  502 N.W.2d at 251.  “A post-conviction proceeding affords an opportunity to establish a record below for review.”  
Id.
 (citing 
State v. Wilson
, 488 N.W.2d 618, 622 n.7 (N.D. 1992)).  In most cases, the claim of ineffective assistance of counsel should be raised before the district court and a hearing held.  
Robertson
, 502 N.W.2d at 251 (quoting 
Woehlhoff v. State
, 487 N.W.2d 16, 18 (N.D. 1992)).

B

[¶10] Wilson argues 
Robertson
 supports his argument he is entitled to raise the issue of ineffective assistance of counsel in his post-conviction relief application even though the issue was raised in his previous appeal.  Under North Dakota law, “[a]n application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.”  N.D.C.C. § 29-32.1-12(1).  Further, when issues have been previously raised on direct appeal of a conviction, they cannot be raised again in a subsequent post-conviction relief proceeding.  
Murchison v. State
, 1998 ND 96, ¶ 11, 578 N.W.2d 514.

1

[¶11] Wilson claims his trial counsel was ineffective because, among other things, his attorney did not move for a mistrial after the sleeping juror was discovered.  Wilson raised the issue of ineffective assistance of counsel, with regard to the sleeping juror, in his direct appeal.  Even though a post-conviction relief proceeding is the preferred method of handling ineffective assistance of counsel claims, Wilson cannot now raise this issue in post-conviction relief proceedings.  
Murchison
, 1998 ND 96, ¶¶ 10-11, 578 N.W.2d 514.  What could have been done, what should have been done, and what was done by all of the relevant participants relative to the sleeping juror were fully considered in the previous appeal.  Thus, the issue of ineffective assistance of counsel with regard to the sleeping juror was “fully and finally determined” on appeal.  N.D.C.C. § 29-32.1-12(1).  We find no error in the district court’s denial of Wilson’s request for post-conviction relief on this issue.

2

[¶12] In its dismissal of Wilson’s application for post-conviction relief, the district court treated all issues of ineffective assistance of counsel as res judicata.  However, not all Wilson’s claims of ineffective assistance of counsel were raised in his appeal.  Wilson’s application stated, as grounds for post-conviction relief, his trial counsel was ineffective because he “failed to properly investigate this case and to properly present the case to the jury during the trial,” and “to raise and protect issues that he had a duty to do in defending [him].”  Not only were these specific issues not “fully and finally determined,” they were not raised in Wilson’s previous proceeding.  Therefore, the district court erred in finding these issues to be res judicata under N.D.C.C. § 29-32.1-

12.  
See
 
Clark v. State
, 1999 ND 78, ¶ 9, 593 N.W.2d 329.

 

III

[¶13] The explicit purpose of the Uniform Post-Conviction Procedure Act is to provide a method to develop a complete record to challenge a criminal conviction.  
State v. Bender
, 1998 ND 72, ¶ 20, 576 N.W.2d 210 (citing 
State v. Wilson
, 466 N.W.2d 101 (N.D. 1991)).  The Uniform Post-Conviction Procedure Act allows summary disposition of an application for post-conviction relief only when “there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.”  N.D.C.C. § 29-32.1-09(1).  We review an appeal from a summary denial of post-conviction relief as we review an appeal from a summary judgment.  
DeCoteau v. State
, 1998 ND 199, ¶ 4, 586 N.W.2d 156.  “The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.”  
Id.
 (citing 
Owens v. State
, 1998 ND 106, ¶ 13, 578 N.W.2d 542).

[¶14] “Once the moving party has initially shown there is no genuine issue of material fact, the burden shifts to the opposing party to present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.”  
Id.
  The resisting party “may not simply rely upon the pleadings or upon unsupported, conclusory allegations.”  
Hopfauf v. State
, 1998 ND 30, ¶ 4, 575 N.W.2d 646 (quoting 
Kummer v. City of Fargo
, 516 N.W.2d 294, 297 (N.D. 1994)).

[¶15] In 
State v. Bender
, we held a defendant is not required to include in the application supporting evidence necessary to meet a possible motion for summary judgment.  1998 ND 72, ¶ 20, 576 N.W.2d 210.  This Court further held:

[i]t would be blatantly unfair to subject a defendant’s post-conviction application to summary dismissal for failure to provide evidentiary support not available in the record of prior proceedings, when the statute explicitly provides such evidentiary support is “unnecessary” in the original application.  The defendant is not required to provide evidentiary support for such allegations until he has been given notice he is being put on his proof.

Bender
, 1998 ND 72, ¶ 20, 576 N.W.2d 210.

[¶16] When the district court goes beyond the bare allegations and considers the evidentiary support for those allegations when initially screening the application, the defendant must be given a reasonable opportunity to present relevant materials.  
Id.
  This is particularly true regarding claims of ineffective assistance of counsel, which are ordinarily unsuited to summary disposition without an evidentiary hearing, because such claims often involve incidents not occurring in open court and require additional evidence and development of the record.  
Id.
 at ¶ 21.

[¶17] From our review of the record in this case, it is clear Wilson did not put forth any evidence to support his ineffective assistance of counsel claims.  However, the State’s motion to dismiss and supporting brief, little more than a paragraph in length, was not adequate to put Wilson on notice he needed to put on proof.  The State’s motion and brief only argued the ineffective assistance of counsel claim could not be advanced in Wilson’s application for post-conviction relief because it had been raised on direct appeal.  The State did not allege the application should be dismissed because no genuine issue of material fact existed.  Under 
Bender
, Wilson was under no duty to put forth evidentiary support for the allegations in his application.  Accordingly, the district court erred in summarily dismissing Wilson’s remaining ineffective assistance of counsel claims.

 

IV

[¶18] We affirm the district court’s order to the extent it ruled res judicata the issue of whether Wilson’s trial counsel was ineffective with regard to the sleeping juror.  We reverse the dismissal of Wilson’s remaining ineffective assistance of counsel arguments, and remand for further proceedings consistent with this opinion.

[¶19] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.