2003 ND 102

**Michael D. DAMRON, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20020295.**

Supreme Court of North Dakota.

June 17, 2003.

652

Richard E. Edinger, Fargo, N.D., for petitioner and appellant.

Wade L. Webb, Assistant State's Attorney, Fargo, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Michael Damron is appealing an East Central Judicial District Court judgment dismissing his post-conviction claim of ineffective assistance of counsel. He argues he was not afforded effective assistance, because his attorney failed to advise him on his plea agreement and failed to interview alibi witnesses or investigate the facts surrounding the incident in question. We conclude the trial court did not err in dismissing Damron's post-conviction relief claim of ineffective assistance of counsel when Damron failed to provide any evidentiary support for his allegations. We affirm.

I

[¶ 2] On May 23, 1997, under a conditional plea agreement, Damron pled guilty to theft of property and to five counts of tampering with or damaging a public service. Under the agreement, the charge of burglary was dismissed, and Damron preserved the right to appeal matters regarding the search warrant and the trial court's denial of his motion to suppress evidence seized in the execution of that warrant. Damron appealed on the warrant issue. We affirmed, concluding that under the totality-of-the-circumstances test, the magistrate had probable cause to issue the search warrant. *State v. Damron*, 1998 ND 71, ¶ 26, 575 N.W.2d 912. On January 21 or 22, 1995, Damron burglarized the Site on Sound electronics store in Fargo. *Id.* at ¶ 2. A search of his apartment under a warrant resulted in a list of items found, including various burglary tools, plans of telephone communication devices or alarm systems, stolen electronic or stereo equipment, and footwear with a distinctive diamond pattern on the heel. *Id.* The affidavit provided for the search warrant stated:

> [E]ntry into the building was probably gained through forcible entry of a rear garage door on the back of the Site on Sound building. The burglar disabled an on-site audible alarm system inside of the Site on Sound building by cutting wires inside of the building. It was also determined that suspect must have passed through a motion detector device intended to send a silent alarm to the Fargo Police Department. It was later determined that the motion detector device was inactive because U.S. West telephone lines outside of the Site on Sound building had also been cut. Therefore, the silent alarm was inactive. Your affiant further learned in the investigation that the burglar took approximately $60,000 worth of stereo and electronic equipment from Site on Sound by loading it into a truck which had been left inside of the Site on Sound building.

*Id.*

[¶ 3] Damron applied for post-conviction relief, arguing sixteen claims. On May 19, 2000, the district court dismissed fifteen of Damron's claims and granted a hearing on

his ineffective-assistance-of-counsel claim. On August 27, 2002, a hearing, which included live and deposition testimony and exhibits, was held on Damron's claim of ineffective assistance of counsel. The district court denied post-conviction relief on September 13, 2002, and rendered a judgment of dismissal on September 18, 2002. On October 18, 2002, Damron appealed.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28–27–01, 28–27–02.

## II

[¶ 5] Damron argues he was not afforded effective assistance of counsel, because his attorney failed to adequately advise him on the plea agreement, failed to interview alibi witnesses, and failed to investigate the facts surrounding the incident in question.

[¶ 6] Effective assistance of counsel is guaranteed to a defendant through the Sixth Amendment to the United States Constitution, which is applied to the States through the Fourteenth Amendment, and by Article I, Section 12, of the North Dakota Constitution. "The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this Court." *Berlin v. State*, 2000 ND 206, ¶ 7, 619 N.W.2d 623 (citing *Falcon v. State*, 1997 ND 200, ¶ 21, 570 N.W.2d 719). In analyzing an ineffective-assistance-of-counsel claim, we apply the test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See, e.g., Wilson v. State*, 1999 ND 222, ¶ 8, 603 N.W.2d 47; *State v. Robertson*, 502 N.W.2d 249, 251 (N.D.1993).

[¶ 7] In *Strickland*, the court stated:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *see also Wilson*, 1999 ND 222, ¶ 8, 603 N.W.2d 47; *Robertson*, 502 N.W.2d at 251. "The prejudice portion of the test 'requires the defendant to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must point out with specificity how and where trial counsel was incompetent and the probable different result.'" *Wilson*, 1999 ND 222, ¶ 8, 603 N.W.2d 47 (quoting *DeCoteau v. State*, 1998 ND 199, ¶ 6, 586 N.W.2d 156). In proving that counsel's performance was deficient, the defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

[¶ 8] Damron argues he repeatedly turned down any offers to plead guilty but his attorney went behind his back and negotiated a conditional plea agreement. He argues he did not have an opportunity

to read the agreement before being told by his attorney to sign it. He argues he was prejudiced because, had his attorney provided him time to read the plea, he would not have pled guilty. Damron also argues that he has a touch of dyslexia and was not able to process the information read to him by the court.

[¶ 9] A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The voluntariness of such a guilty plea turns on "whether that advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 264, 93 S.Ct. 1602.

[¶ 10] Under N.D.R.Crim.P. 11(b), before accepting a guilty plea, a trial court must advise the defendant of certain rights:

Advice to Defendant. The court may not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, informing the defendant of and determining that the defendant understands the following:

(1) The nature of the charge to which the plea is offered;

(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered;

(3) That the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty;

(4) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial by jury or otherwise and the right to be confronted with adverse witnesses; and

(5) If the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding against the defendant and, if necessary, one will be appointed to represent the defendant, as provided in Rule 44, North Dakota Rules of Criminal Procedure.

[¶ 11] The advice required by N.D.R.Crim.P. 11(b) is mandatory. *Abdi v. State*, 2000 ND 64, ¶ 12, 608 N.W.2d 292; *State v. Abdullahi*, 2000 ND 39, ¶ 9, 607 N.W.2d 561. Although N.D.R.Crim.P. 11 does not require ritualistic, predetermined formality, a trial court must substantially comply with the procedural requirements of the rule to insure a defendant's guilty plea is voluntary. *Abdullahi*, at ¶ 9, 607 N.W.2d 561.

[¶ 12] In this case, the record reflects that the trial court followed the mandates of N.D.R.Crim.P. 11 and that Damron entered a voluntary conditional plea of guilty with the trial court on May 23, 1997, and again on May 29, 1997. Damron did not object at either hearing that he lacked knowledge of the plea agreement terms.

[¶ 13] A defendant is bound by his guilty plea unless he can prove "serious derelictions" on the part of his attorney that kept his plea from being knowingly and intelligently made. *McMann v. Richardson*, 397 U.S. 759, 774, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In criminal cases, the defendant has the burden to present evidence to overcome the presumption that defense counsel is competent and adequate, and to do so, the defendant must point "to specific errors made by trial counsel." *State v. Slapnicka*, 376 N.W.2d 33, 36 (N.D.1985).

[¶ 14] The evidence submitted at the hearing did not support Damron's claim of a serious dereliction on the part of his attorney that would have prevented his plea from being anything other than knowingly and intelligently made. Evidence contradicting Damron's allegations was presented at the hearing. His mother testified she communicated numerous times with Damron's attorney about the plea agreement and relayed the information to Damron. Damron could not prove with sufficient evidence that having a trial would likely have produced a better result. The trial court stated:

Damron claims that his attorney's advice to plead guilty was based, at least in part, by the attorney's desire to bypass a trial in the trial court and get his appeal of the denial of the motion to suppress to the North Dakota Supreme Court. Damron testified at the August 27th, 2002 hearing that his attorney told him there was very little chance he (Damron) would escape a guilty verdict if the case went to trial because the prosecution's case was too strong with the seized evidence being admitted and the trial was going to be held in Cass County. The motion to suppress evidence was denied once on April 25th, 1997, a motion for supervisory writ to the North Dakota Supreme Court on the issue was denied on May 9th, 1997, and the trial court denied the motion on reconsideration on May 29th, 1997. [Citations omitted]. The overwhelming evidence seized pursuant to search warrants was going to be admitted at trial. It does not seem unreasonable on counsel's part to bypass the trial and appeal the only issue that could likely aid Damron in escaping a conviction.

[¶ 15] Given that the trial court denied Damron's motion to suppress evidence seized under the search warrant, the State's evidence, which would have given weight to a guilty verdict, would have been admitted at trial. In this situation, advising his client to plead guilty was not a serious dereliction on the part of Damron's attorney. But for the plea agreement, Damron could have received a substantially greater sentence.

[¶ 16] Damron argues he was denied effective assistance of counsel, because his attorney was aware of potential alibi witnesses and failed to interview them to obtain their testimony. A defendant must offer evidence that any additional witnesses would have aided the defense's claim. *State v. Wolf,* 347 N.W.2d 573, 575 (N.D.1984). A case premised on ineffective assistance of counsel "'requires the challenger to point out with specificity or particularity how and where the trial counsel was incompetent and the probable different result. In absence of any such showing we are compelled to reject the contention that trial counsel acted incompetently.'" *Wolf,* at 576 (quoting *State v. Kroeplin,* 266 N.W.2d 537, 544 (N.D.1978)).

[¶ 17] Damron argues his attorney should have subpoenaed the Fargo police officers and the Fargo detective on each of their reports in his case. He argues his attorney also should have interviewed U.S. West employees because, he claims, their testimony would have proven he did not commit the crime. He argues that their testimony would have shown that one man, such as himself, would not have been able to move the concrete cover that was removed at one of the vandalized sites. There was no trial in this case, only a plea of guilty. Damron voluntarily pled guilty in court and did not raise these issues prior to his plea. Damron has not produced any specific evidence that the testimony of any of these additional witnesses would have caused him to refrain from pleading guilty.

[¶ 18] Damron argues his attorney failed to investigate the facts surrounding the incident in question. He argues his attorney should have investigated the facts in his case more thoroughly so that his attorney could have offered evidence to contradict the State's evidence at the suppression hearing. He argues his attorney did not properly investigate the State's findings of fingerprints from the two burglaries. Damron argues the police took fingerprints at both crime scenes and the police told his attorney that the prints had disappeared. He argues that his attorney should have investigated the alleged disappearance of the fingerprints. Damron argues the State claimed to have found copper filings at one of the crime scenes that allegedly matched those found on Damron's boots. He argues his attorney should have investigated the State's claim regarding the copper filings to prove that they did not match. Damron also argues his attorney should have brought substantial evidence to the suppression hearing that his shoe size was not the same as the size of the shoe print found outside the crime scene. Ineffective-assistance-of-counsel claims for counsel's failure to move to suppress evidence at a suppression motion hearing must be premised on actual, not possible, prejudice to the defendant. *Wolf,* 347 N.W.2d at 575. The defendant must establish in what manner he was prejudiced by his attorney's not having moved to suppress specific evidence. *State v. Kroeplin,* 266 N.W.2d 537, 542 (N.D.1978). Damron argues he would not have pled guilty had his attorney adequately investigated the facts or produced more alibi witnesses. Because Damron pled guilty knowingly and voluntarily, he cannot show in what manner actual prejudice resulted from his trial counsel's failure to investigate more thoroughly or to move to suppress specific evidence. We conclude that at the suppression hearing, Damron's counsel acted "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

### III

[¶ 19] We conclude the trial court did not err in dismissing Damron's claim of ineffective assistance of counsel. Damron failed to meet his burden of establishing that his attorney was not acting competently and reasonably in advising him on the conditional plea of guilty, in advising him on matters regarding witness testimony, and in not filing certain suppression motions.

[¶ 20] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.