2000 ND 185

**Charles E. SYVERTSON, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20000100.

Supreme Court of North Dakota.

Oct. 26, 2000.

Rehearing Denied Dec. 21, 2000.

Charles E. Syvertson (submitted on brief), pro se, North Dakota State Penitentiary, Bismarck, ND, petitioner and appellant.

Wade L. Webb (submitted on brief), Assistant State's Attorney, Cass County Courthouse, Fargo, ND, for respondent and appellee.

MARING, Justice.

[¶ 1] Charles E. Syvertson appeals from a judgment denying his application for post-conviction relief. We affirm the judgment.

### I.

[¶ 2] In January of 1998, Syvertson was convicted of two class B felony counts of gross sexual imposition. Syvertson appealed his conviction to the North Dakota Supreme Court, where it was affirmed. *State v. Syvertson,* 1999 ND 134, 597 N.W.2d 652.

[¶ 3] On January 20, 2000, Syvertson, acting pro se, applied for post-conviction relief.[1] In his application, Syvertson states seven grounds for post-conviction relief. He claims: (1) he was denied due process of law and fair hearings because the State failed to comply with discovery requests; (2) he was denied effective assistance of counsel; (3) his Fifth Amendment rights to counsel and against self-incrimination were violated; (4) certain testimony given at trial violated his rights to due process of law and confrontation; (5) the December 23, 1997, Order granting partial suppression was void; (6) he was denied his Sixth Amendment right to confronta-

tion; and (7) he was denied due process of law by the "State's deception on Rule 16 Discovery." Syvertson filed a "Notice of Motions For Hearing," dated January 17, 2000. His motion stated that oral arguments would proceed "at a time and date that Syvertson will set and notify the respondents of. . . ."

[¶ 4] On January 31, 2000, Syvertson filed a demand for a change of judge. In his brief to support the change of judge demand, he argued a change of judge was necessary because in his application for post-conviction relief he claimed errors of law. That same day, the State filed its response to Syvertson's demand for change of judge. On February 2, 2000, the trial court denied Syvertson's demand for a change of judge, reasoning that under *Falcon v. State,* 1997 ND 200, 570 N.W.2d 719, Syvertson was not entitled to a new judge because the post-conviction judge was also the trial judge.

[¶ 5] Syvertson filed a "Motion to Remove Judge/Affidavit of Prejudice/Brief," on February 8, 2000, alleging the trial judge was biased against him throughout the original proceedings. The State did not file a response to this motion. In its final judgment, the trial court denied Syvertson's motion to remove the judge.

[¶ 6] On February 22, 2000, the State filed its response to Syvertson's post-conviction relief application, opposing Syvertson's seven stated grounds for relief. Syvertson filed a response to the State's motion for summary disposition on March 2, 2000. Accompanying that response was Syvertson's cross motion for summary disposition in his favor. On that same date, Syvertson filed a "Notice for Motions for Hearing," stating a hearing

---

1. On August 27, 1998, Syvertson filed a petition for post-conviction relief in a separate case. *State v. Syvertson,* 1999 ND 137, ¶ 34, 597 N.W.2d 644. In that case, Syvertson conditionally pleaded guilty to two counts of gross sexual imposition and one count of kidnaping. *Id.* at ¶ 13. Syvertson's post-conviction relief claim alleged the State failed to

produce certain documentary evidence relating to the two gross sexual imposition convictions. *Id.* at ¶ 34. We concluded that the trial court was correct in holding that Syvertson had failed to allege any sort of colorable claim under the post-conviction relief statute, N.D.C.C. § 29–32.1–01(1)(a)–(h). *Id.* at ¶ 35.

on the state's motion for dismissal and Syvertson's cross motion for judgment would be set "at a time and date set by the calander [sic] clerk and which will be notifyed [sic] in the futire [sic]."

[¶ 7] Syvertson sent a letter to the court, on March 23, 2000, requesting it rule on his motion to remove the judge based on prejudice. The court filed a three page memorandum and opinion denying Syvertson's post-conviction relief application on March 24, 2000. In its opinion, the court stated all matters in support of Syvertson's post-conviction relief were fully and fairly determined in previous post-conviction proceedings and a previous appeal to the Supreme Court. Specifically, the trial court stated that Syvertson's issues 1, 3, 4, 5, 6, and 7 were raised in a previous post-conviction application and appeal and were fully adjudicated. The court went on to state that "[Syvertson's] issue number 2, ineffective assistance of counsel, appear[ed] to be simply a means by which [Syvertson] raise[d] issues previously fully adjudicated upon the basis of ineffective assistance of counsel." The court noted that Syvertson failed to raise this issue in both his previous application and his appeal to this Court. The trial court further stated that Syvertson's current application for post-conviction relief was a misuse of process, "including, but not limited to, that it arises from an inexcusable failure of the applicant to raise a claim for relief in other proceedings and that it is frivolous both on factual and legal grounds."

[¶ 8] In denying Syvertson's post-conviction application, the trial court mistakenly quoted the wrong appeal to this Court. It considered Syvertson's appeal to the North Dakota Supreme Court of Criminal Nos., 980269, 980270, 980340. *State v. Syvertson*, 1999 ND 137, 597 N.W.2d 644. The issues in that appeal stem from an incident in West Fargo on July 10, 1997. That case is not applicable to the issues in this case. The issues in this case stem from two incidents involving a minor girl in Fargo in late 1993. Although Syvertson has not previously applied for post-conviction relief regarding his conviction stemming from these incidents he has brought a direct appeal. *Syvertson*, 1999 ND 134, 597 N.W.2d 652. Syvertson filed his notice of appeal from the trial court's order denying post-conviction relief on March 31, 2000.

## II.

[¶ 9] Syvertson first contends that he was denied due process of law because the trial court erred in denying him oral arguments with respect to certain motions. Specifically, Syvertson argues he requested oral arguments on January 20, 2000, and again on March 2, 2000, and twice he was denied such arguments. We disagree.

[¶ 10] North Dakota Rule of Court 3.2(a) [2] provides that timely requests for

2. (a) Submission of Motion. Notice must be served and filed with a motion. The notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested. Upon serving and filing a motion, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of a brief within which to serve and file an answer brief and other supporting papers. The moving party may serve and file a reply brief within 5 days after service of the answer brief. Upon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted to the court unless counsel for any party requests oral argument on the motion. If any party who has timely served and filed a brief requests oral argument, the request must be granted. A timely request for oral argument must be granted even if the movant has previously served notice indicating that the motion is to be decided on briefs. The party requesting oral argument shall secure a time for the argument and serve notice upon all other parties. The court may hear oral argument on any motion by telephonic conference. The court may require oral argument and may allow or require testimony on the motion. Requests for oral argument or the taking of testimony must be made not later than 5 days after expiration of the time for filing the answer brief.
N.D.R.Ct. 3.2(a).

oral argument must be granted to any requesting party, including a prison inmate, who has timely served and filed a brief. *Walbert v. Walbert,* 1997 ND 164, ¶ 9, 567 N.W.2d 829. The Rule, however, also provides that "[t]he party requesting oral argument shall secure a time for the argument and serve notice upon all other parties." N.D.R.Ct. 3.2(a). A request is rendered incomplete if one fails to secure a time for oral argument. *Huber v. Oliver County,* 529 N.W.2d 179, 183 (N.D.1995).

■ [¶ 11] In this case, Syvertson's requests for oral arguments are incomplete. The first request, filed January 20, 2000, stated oral arguments would proceed "at a time and date that Syvertson will set and notify the respondents of...." The second request, filed March 2, 2000, stated oral arguments would be set "at a time and date set by the calander [sic] clerk and which will be notifyed [sic] in the futire [sic]." Syvertson made no further attempts to secure a time for oral arguments, thus, his requests are rendered incomplete.

### III.

[¶ 12] Syvertson next contends that the trial court made erroneous findings of fact. He argues the trial court's findings correspond to his application for post-conviction relief concerning the West Fargo case and not the case involving the incidents in Fargo in 1993. We agree. However, with the exception of issue number two, we conclude Syvertson's stated grounds for relief have either been fully and fairly determined in his previous direct appeal or he inexcusably failed to raise them in that appeal. *Syvertson,* 1999 ND 134, 597 N.W.2d 652.

■ [¶ 13] North Dakota Century Code § 29–32.1–09(1), provides that a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Abdi v. State,* 2000 ND 64, ¶ 8, 608 N.W.2d 292

(citation omitted). Our review of a summary denial of post-conviction relief is similar to our review of an appeal of a summary judgment. *Owens v. State,* 1998 ND 106, ¶ 13, 578 N.W.2d 542. A "party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *DeCoteau v. State,* 1998 ND 199, ¶ 4, 586 N.W.2d 156. If the moving party establishes there is no genuine issue of material fact the burden shifts to the nonmoving party to show a genuine issue of fact exists. *Wilson v. State,* 1999 ND 222, ¶ 14, 603 N.W.2d 47 (citation omitted). The resisting party may not merely rely on pleadings or unsupported conclusory allegations. *Clark v. State,* 1999 ND 78, ¶ 5, 593 N.W.2d 329. Rather, the resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. *Id.*

[¶ 14] The State's motion to dismiss Syvertson's application asserted the affirmative defenses of res judicata and misuse of process under N.D.C.C. § 29–32.1–12(1) and (2). In summarily dismissing Syvertson's application, the trial court relied on both affirmative defenses. Although it relied on the wrong opinion, we conclude Syvertson's claims for post-conviction relief are subject to the affirmative defenses set forth in N.D.C.C. § 29–32.1–12(1) and (2).

■ [¶ 15] Section 29–32.1–12(1), N.D.C.C., authorizes the denial of post-conviction applications if the same claim or claims have been fully and finally determined in a previous proceeding. *Clark,* 1999 ND 78, ¶ 8, 593 N.W.2d 329. Claims that have been previously raised on direct appeal cannot subsequently be raised again in a post-conviction application. *Id.*

■ [¶ 16] Following a thorough examination of the record, we find that sev-

eral of Syvertson's issues fall within the doctrine of res judicata. N.D.C.C. § 29–32.1–12(1). Post-conviction applicants are not entitled to avoid the res judicata rule by raising contentions in an application which are "simply variations" of previous arguments. *Owens*, 1998 ND 106, ¶ 41, 578 N.W.2d 542. Syvertson's issues 1, 3, 4, 5, and 6 are all related to the issue of the admissibility of statements made by Syvertson that were not suppressed at trial. Syvertson contended on direct appeal that the trial court erred in denying his motion to suppress statements made at the second interrogation because he was not provided counsel after he requested an attorney when first booked into jail. *Syvertson*, 1999 ND 134, ¶ 15, 597 N.W.2d 652. We concluded the undisputed evidence established Syvertson was offered the opportunity to contact a lawyer, but failed to do so, and his claim that his statements should be suppressed because he demanded an attorney was without merit. *Id.* at ¶ 16. Syvertson further contended his confession during the second interrogation was involuntary and tainted by the lack of Miranda warnings during the first interview and the use of coercive tactics by the officer. *Id.* at ¶ 17. We concluded the statements made during the second interview were voluntary and untainted. *Id.* at ¶ 27. Therefore, all issues regarding the admissibility of Syvertson's statements have been fully and fairly determined in his previous appeal to this Court.

[¶ 17] However, even if Syvertson's arguments are not barred under the doctrine of res judicata clearly they are barred under N.D.C.C. § 29–32.1–12(2), misuse of process. Syvertson's issues 1, 3, 4, 5, and 6 are of the type appropriate for review on direct appeal, and Syvertson did not provide us with a reason why he should be excused from not raising these issues on direct appeal.

[¶ 18] In *Clark*, 1999 ND 78, ¶ 23, 593 N.W.2d 329, we explained under N.D.C.C. § 29–32.1–12(2), a misuse of process "oc-

curs (1) if the defendant has inexcusably failed to raise an issue in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief; (2) if the defendant inexcusably fails to pursue an issue on appeal which was raised and litigated in the original trial court proceedings; and finally, (3) if a defendant inexcusably fails to raise an issue in an initial post-conviction application." (Citations omitted.)

[¶ 19] Syvertson's issue number 7 is subject to the affirmative defense of misuse of process. Syvertson contends certain transcripts were not made available to him and that audio and video tapes of his interrogations are not complete and accurate. On July 28, 1997, Syvertson, through his attorney, made a Rule 16 Motion for Discovery. Thereafter, the State provided Syvertson with certain transcripts and interrogation tapes. Syvertson now claims that he was not given all the tapes or that such tapes were spliced and are missing crucial testimony. Upon receiving these transcripts and interrogation tapes, Syvertson inexcusably failed to pursue these issues in the proceedings leading to his conviction. He also has offered no explanation for his failure to pursue the issue on direct appeal. He asserts he had no knowledge of certain contents of the tapes, but admits he and his counsel reviewed them at trial. Because both audio and video tapes were made available to Syvertson at the time of trial, and he failed to pursue the issue on direct appeal, the issue is barred as a misuse of process.

[¶ 20] Syvertson also contends that law enforcement personnel broke the chain of custody with respect to these tapes because a secretary made a transcript of the tapes prior to trial. He states that the State violated discovery rules because he was under the impression that these tapes remained locked away in the police officer's office until trial. If indeed Syvertson objected to the foundation that was laid at trial prior to the admission of the tapes, he

should have raised the issue then and on direct appeal. Accordingly, Syvertson's pursuit of this issue is a misuse of process.

[¶ 21] Syvertson's second issue is ineffective assistance of counsel. We have stated that claims of ineffective assistance of counsel should not be brought on direct appeal, unless the assistance of counsel was plainly defective on the record. *State v. Fraser*, 2000 ND 53, ¶ 23, 608 N.W.2d 244. Ordinarily, ineffective assistance of counsel claims are unsuited for summary disposition because they require development of the record in an evidentiary hearing. *Abdi*, 2000 ND 64, ¶ 31, 608 N.W.2d 292. However, if the petitioner does not raise a genuine issue of material fact, summary disposition is appropriate. *Mertz v. State*, 535 N.W.2d 834, 838 (N.D.1995).

[¶ 22] In order to establish his claim of ineffective assistance of counsel, Syvertson's burden is two-fold. *DeCoteau v. State*, 2000 ND 44, ¶ 8, 608 N.W.2d 240. He must prove first, that his counsel's representation fell below an objective standard of reasonableness, and second, that he was prejudiced by counsel's deficient performance. *Id.* The prejudice element requires that Syvertson establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Mertz*, 535 N.W.2d at 836.

[¶ 23] We conclude Syvertson failed to raise a genuine issue of material fact that he was prejudiced by his attorney's alleged deficient representation. In his application, Syvertson claims two instances of ineffective assistance of counsel. Syvertson first argues his attorney failed to have transcripts prepared of the May 19, 1997, interrogation which would have shown that the police officers' conduct tainted subsequent statements. Syvertson's second argument is that his attorney failed to argue he had demanded counsel when questioned about pornographic materials found in his car and that any subse-

quent interrogation, therefore, should not have taken place.

[¶ 24] Syvertson's attorney made a motion to suppress statements made prior to Miranda warnings and following Miranda warnings. The trial court suppressed pre-Miranda statements, but refused to suppress post-Miranda statements. The fact that Syvertson's attorney failed to make transcripts of the first interrogation that Syvertson claims could have shown that police techniques were paternalistic, sympathetic, and encouraging is of no consequence to the outcome of his case. The police officer who performed the interrogation admitted he had lied and that he used such techniques on Syvertson in the hope that Syvertson would make a confession. On direct appeal, we considered the effect of such techniques used in the pre-Miranda interrogation and determined that they did not render Syvertson's post-Miranda statements involuntary or tainted. *Syvertson*, 1999 ND 134, ¶ 27, 597 N.W.2d 652. Thus, Syvertson has failed to satisfy his burden of raising a genuine issue of material fact of prejudice.

[¶ 25] Syvertson's second claim of ineffective counsel is also without merit. He contends that his attorney failed to argue that he had demanded counsel when questioned about pornographic materials found in his car and again at the time of his arrest and booking and that as a result any subsequent interrogations should not have taken place. The trial court, however, did suppress all of Syvertson's statements that were made at the first interrogation on May 19, 1997. On direct appeal to this Court, Syvertson claimed all of his statements should be suppressed because he was not provided an attorney when he was first booked on May 17, 1997. We concluded the undisputed evidence established Syvertson was given an opportunity to contact a lawyer, but failed to do so, and his claim that all subsequent statements should have been suppressed was without merit. *Syvertson*, 1999 ND 134, ¶ 16, 597 N.W.2d 652. During the second interview,

Syvertson was advised of his Miranda rights, and on direct appeal, we concluded his waiver of his rights was voluntary and not tainted by the first interview. *Id.* at ¶ 27. We stated: "[i]ndeed, the Supreme Court has said even a suspect who has expressed a desire to deal with police only through counsel may be subject to further interrogation by authorities if 'the accused himself initiates further communication, exchanges, or conversations with the police.'" *Id.* (citations omitted). Syvertson has failed to raise a genuine issue of material fact of prejudice.

### IV.

[¶ 26] Syvertson finally contends that upon his application for post-conviction relief he should have been entitled to a new judge. If he is not afforded a peremptory removal of a judge, Syvertson argues he should have been entitled to a new judge because his trial judge was prejudiced against him throughout the original proceedings. We disagree.

[¶ 27] In North Dakota, post-conviction proceedings are appropriately treated as a continuation of the criminal prosecution for purposes of N.D.C.C. § 29–15–21.[3] *Falcon,* 1997 ND 200, ¶ 18, 570 N.W.2d 719. We have stated that when the post-conviction judge is also the trial judge, the party bringing a post-conviction application petition is not entitled to a new judge under N.D.C.C. § 29–15–12. *Id.* Moreover, we have stated no policy against using the same judge in a post-conviction proceeding. *Id.* at ¶ 15. Absent a showing of bias or prejudice, the post-conviction proceedings should be heard by the same judge. *Id.* at ¶ 18.

[¶ 28] Syvertson has alleged no meaningful allegations of prejudice or bias. Rather, his only contention is that the trial judge was without jurisdiction to rule on the matter once he alleged prejudice. A judge, however, may determine the matter of his or her own disqualification. Consequently, the trial court properly denied Syvertson a peremptory removal of the judge and a change of judge based on prejudice.

[¶ 29] We have considered Syvertson's remaining issues, and we conclude they are without merit. No purpose would be served by further discussing them. The judgment of the trial court is affirmed.

[¶ 30] VANDE WALLE, C.J., NEUMANN, SANDSTROM, KAPSNER, JJ., concur.

### On Petition for Rehearing

MARING, Justice, on petition for rehearing.

[¶ 31] Syvertson has filed a petition for rehearing, contending he was denied oral arguments despite his request. Although we deny his petition, we take this opportunity to clarify our decision.

[¶ 32] On January 20, 2000, Syvertson filed a "NOTICE OF MOTIONS FOR HEARING." He stated:

> Oral arguments and [e]videntiary [h]earing will be held . . . at a time and date that Syvertson will set and notify the respondents of after responses, repl[i]es, orders accordingly, ap[p]rop[r]iate amendments and motions and orders related, review of transcripts and tapes[ ]by Syvertson and any experts,

---

**3.** North Dakota Century Code § 29–15–21, provides in relevant part:

> 1. Subject to the provisions of this section, any party to a civil or criminal action or proceeding pending in the district court may obtain a change of the judge before whom the trial or any proceeding with respect thereto is to be heard by filing with the clerk of the court in which the action or proceeding is pending a written demand for

change of judge, executed in triplicate either:

. . . .

> 3. . . . In any event, no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard. . . .

applications for [s]ubp[oe]nas filed and issued for needed witnesses.

[¶ 33] The State served and filed on February 22, 2000, a "Response by Answer Or Motion Of State Of North Dakota To Petitioner's Post Conviction Application dated January 16, 2000 And Filed on January 20, 2000." Therein, the State requested the court grant its motion for dismissal or summary disposition under § 29–32.1–09, N.D.C.C.

[¶ 34] Subsequently, on March 2, 2000, Syvertson filed a "NOTICE OF MOTIONS FOR HEARING," stating:

> Take notice that the petitioner in the above titled action brings on for hearing [t]he State[']s Answer or motion of State of ND for dismissal or summary [disposition] and Syvertson's cross[-]motion for [s]ummary disposition, at the [C]lass county court house, box 2806, Fargo, ND, at a time and date set by the calender clerk and which will be notif[i]ed in the fut[u]re . . . .

Syvertson contends he also sent a letter, dated February 29, 2000, to the calender clerk. This letter reads:

> Please set a hearing for the [S]tate[']s motion for summary [disposition] and Syvertson[']s cross[-]motion for summary [disposition] in the above titled matter. This hearing will need to be set for a time in the future not to conflict with responses and other matters relevant. I am in the ND State Pen and will need [to be] transported for such a hearing thus a transport order will need [to be] prepa[ ]red.

[¶ 35] On March 24, 2000, the trial court filed a memorandum opinion summarily dismissing the application for post-conviction relief. A judgment of dismissal was filed April 7, 2000.

[¶ 36] In his petition for rehearing, Syvertson argues our Court overlooked his letter to the calender clerk. Under Rule 3.2, N.D.R.Ct., Syvertson contends he is entitled to oral argument because he requested the clerk provide him with a date. The letter, dated February 29, 2000, asking the calender clerk to set a hearing for the State's motion for summary disposition and Syvertson's cross-motion for summary disposition, however, is not in the certified record of this appeal. The letter is only found in Syvertson's appendix on appeal. "Only items actually in the record may be included in the appendix." N.D.R.App.P. 30(a). Syvertson never made a motion to supplement the record under Rule 10(h), N.D.R.App.P. Our Court has stated many times we will not consider documents not in the certified record. *State v. McKinney,* 518 N.W.2d 696, 703 (N.D.1994). However, our Court has the authority to supplement the record on its own motion with a document that was before the trial court. N.D.R.App.P. 10(h). It appears from an affidavit of service this letter was served on the clerk of the court and on the State's Attorney.

[¶ 37] Assuming, without deciding, Syvertson's request complies with Rule 3.2, we nevertheless conclude that even if the trial court erred in denying Syvertson oral arguments, it was harmless error. N .D.R.Crim.P. 52(a); N.D.R.Civ.P. 61. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." N.D.R.Crim.P. 52(a). This Court's objective in reviewing nonconstitutional error is to determine whether the error was so prejudicial that substantial injury occurred and a different decision would have resulted without the error. *State v. Steen,* 2000 ND 152, ¶ 13, 615 N.W.2d 555.

[¶ 38] The trial court's failure to grant Syvertson oral argument was a procedural oversight and not prejudicial. Syvertson moved the court for summary disposition with accompanying briefs and conceded that no facts were in dispute. Syvertson's application for post-conviction relief was denied on the grounds his

claims have been fully and finally decided in a previous proceeding, misuse of process, and failure to raise a genuine issue of material fact of prejudice. We, therefore, conclude there is nothing in this record to indicate the trial court would have arrived at a different result had it granted Syvertson oral argument.

[¶ 39] VANDE WALLE, C.J., NEUMANN, SANDSTROM, KAPSNER, JJ., concur.