2004 ND 7

**Della Mae LEE, Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Appellant.**

**No. 20030168.**

Supreme Court of North Dakota.

Jan. 14, 2004.

246

Justin D. Roness (argued), Thomas A. Dickson (on brief), and Timothy Q. Purdon (on brief), Dickson & Purdon, Bismarck, ND, for appellee.

Reid A. Brady, Assistant Attorney General, Attorney General's Office, Bismarck, ND, for appellant.

KAPSNER, Justice.

[¶ 1]   The North Dakota Department of Transportation appeals from a district court judgment reversing an administrative hearing officer's decision to suspend Della Mae Lee's driving privileges for 91 days.   We affirm the district court judgment.

I.

[¶ 2]   On December 31, 2002, at around 9:30 p.m., Jamestown police officer Aaron Berg, acting on a tip by a patron in a bowling alley, found Lee slumped over the steering wheel of her idling vehicle.   The officer decided to perform a welfare check to determine if Lee needed assistance.   The officer knocked on the window to wake Lee. When this failed, he opened the door and shouted at her.   Lee awoke and the officer proceeded to ask Lee for identification.   The officer also asked Lee several questions.

[¶ 3]   The officer noticed a strong odor of alcohol coming from inside the vehicle and from Lee. He observed Lee appeared confused and had poor balance when she exited the vehicle upon Berg's request.

Berg administered field sobriety tests and a field screening test, all of which Lee failed.

[¶ 4] Lee was arrested by Jamestown police for being in actual physical control of a vehicle while under the influence of intoxicating liquor. At the police station, Lee submitted to an Intoxilyzer test, which showed a blood alcohol content of .12%.

[¶ 5] Officer Berg issued a Report and Notice to Lee, which indicated the Department would suspend her driving privileges unless she requested a hearing. Lee requested an administrative hearing. At the hearing on January 30, 2003, the arresting officer testified he administered the Intoxilyzer test and did so according to the method approved by the state toxicologist. A copy of the approved method for conducting an Intoxilyzer test was not admitted into evidence at the administrative hearing. Instead, a copy of the approved method for conducting a blood test was admitted, apparently by mistake. In his closing statement at the hearing, the attorney for Lee argued lack of foundation for the results of the Intoxilyzer test because no exhibit had been introduced on the approved method to conduct such a test. At the conclusion of the hearing, the administrative officer determined there were reasonable grounds for believing Lee had been in actual physical control of a vehicle while under the influence of intoxicating liquor and suspended Lee's driving privileges for 91 days. The hearing officer's decision commented:

Regardless of Exhibit 8 being for blood testing rather than Intoxilyzer testing, there is no basis for dismissal on the grounds the approved method has not been shown. The officer's testimony established that he was aware of the approved method and followed the approved method. There is no evidence that the approved method was not used,

and there is no evidence that there is any issue as to the approved method.

[¶ 6] Lee appealed the decision to the district court. The district court reversed the administrative hearing decision because there was a lack of evidence concerning the approved method to conduct a breath test with the Intoxilyzer used by the officer necessary to establish a foundation for the admission of the results. The Department filed this appeal.

II.

[¶ 7] The Administrative Agencies Practice Act governs this Court's review of administrative decisions appealed from a district court judgment involving a license suspension. *Sonsthagen v. Sprynczynatyk*, 2003 ND 90, ¶ 7, 663 N.W.2d 161. On appeal, we look to the record before the administrative agency. *Id.* Section 39–20–05(2), N.D.C.C., prescribes the issues to be determined at an administrative hearing:

[T]he hearing ... may cover only the issues of whether the arresting officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance ... whether the person was placed under arrest ... whether the person was tested in accordance with section 39–20–01 or 39–20–03 and, if applicable, section 39–20–02; and whether the test results show the person had an alcohol concentration of at least ten one-hundredths of one percent by weight.

At the administrative hearing requested by Lee, the hearing officer determined police had reasonable grounds to believe Lee was in actual physical control of her vehicle; that she was arrested; that police properly tested her blood alcohol concentration; and that she had a concentration over the legal limit.

[¶ 8] This Court exercises limited review in appeals involving a driver's license suspension. *Henderson v. Dir., N.D. Dep't of Transp.*, 2002 ND 44, ¶ 6, 640 N.W.2d 714. This Court does not review the district court decision, but rather, reviews the agency's decision. *Id.* (citing *Morrell v. N.D. Dep't of Transp.*, 1999 ND 140, ¶ 6, 598 N.W.2d 111). However, the district court's analysis is entitled to respect if its reasoning is sound. *Rist v. N.D. Dep't. of Transp.*, 2003 ND 113, ¶ 6, 665 N.W.2d 45 (citing *Obrigewitch v. Dir., N.D. Dep't of Transp.*, 2002 ND 177, ¶ 7, 653 N.W.2d 73). This Court will affirm the agency's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

[¶ 9] This Court gives deference to the agency's findings and will not substitute its own judgment for that of the agency. *Henderson*, at ¶ 6. When an agency's decision has been reversed by the district court, this Court reviews the agency decision. *Id.* The administrative hearing officer resolves the underlying factual disputes. *Id.*

> We give great deference to the Department's findings of fact, and we do not make independent findings or substitute our judgment for that of the Department; rather, we determine only whether a reasoning mind reasonably could have concluded the Department's findings were supported by the weight of the evidence from the entire record.

*Id.* In reviewing a suspension, the Court determines only whether a reasoning mind could have concluded the Department's findings were supported by the weight of the evidence from the entire record. *Sonsthagen v. Sprynczynatyk*, 2003 ND 90, ¶ 7, 663 N.W.2d 161.

[¶ 10] Lee argues the administrative hearing officer should not have received the Intoxilyzer test results when documentation of the approved method for administering an Intoxilyzer test was not properly submitted into evidence. The documentation entered into evidence was for the approved method of administering a blood test, rather than the approved method for an Intoxilyzer test. N.D.C.C. § 39–20–07 governs the interpretation of chemical tests in driving-under-the-influence cases. The applicable portion of the statute provides:

> The results of the chemical analysis must be received in evidence when it is shown that the sample was properly obtained and the test was fairly administered, and if the test is shown to have been performed according to methods and with devices approved by the state toxicologist, and by an individual possessing a certificate of qualification to

administer the test issued by the state toxicologist.

N.D.C.C. § 39–20–07(5). "The purpose of section 39–20–07 is to ease the requirements for the admissibility of chemical test results while ensuring that the test upon which the results are based is fairly administered." *Ringsaker v. Dir., N.D. Dep't of Transp.*, 1999 ND 127, ¶ 7, 596 N.W.2d 328 (citing *Kummer v. Backes*, 486 N.W.2d 252, 255 (N.D.1992)).

[¶ 11] In order to avoid lengthy testimony by experts, the statutory scheme requires proper documentation of test administration. "Absent testimony by the state toxicologist, the foundational requirement necessary to show fair administration of a breathalyzer test and admissibility of the test results is a showing that the test was administered in accordance with the approved methods filed with the clerk of the district court." *Henderson v. Dir., N.D. Dep't of Transp.*, 2002 ND 44, ¶ 16, 640 N.W.2d 714 (citing *Ringsaker*, at ¶ 8).

[¶ 12] This Court has previously held documentation requirements must be scrupulously met to ensure a uniform basis of testing and fair administration. *Moser v. N.D. State Highway Comm'r*, 369 N.W.2d 650, 654 (N.D.1985). "Without strict compliance with the approved method, the scientific accuracy of the test cannot be established without expert testimony." *Ringsaker*, at ¶ 8.

[¶ 13] In this case, the documentation requirements were not scrupulously met, because the approved method of administering the Intoxilyzer test was not admitted. *Id.* The district court reversed the agency because the hearing officer introduced documentation for the wrong test at the hearing.

[¶ 14] We affirm the district court's ruling that documentation procedures were not met in this case. In *Henderson v.*

*Dir., N.D. Dep't of Transp.*, 2002 ND 44, ¶ 16, 640 N.W.2d 714, this Court reiterated the importance of adhering to documentation requirements in administrative proceedings:

> Under N.D.C.C. § 39–20–07(5), the results of chemical analysis to determine blood alcohol content must be received in evidence if the test sample was properly obtained, and the test was fairly administered and shown to have been performed in accordance with methods and devices approved by the state toxicologist. " 'Absent testimony by the state toxicologist, the foundational requirement necessary to show fair administration of a breathalyzer test and admissibility of the test results is a showing that the test was administered in accordance with the approved methods filed with the clerk of the district court.' " *Ringsaker v. Director, N.D. Dep't of Transp.*, 1999 ND 127, ¶ 8, 596 N.W.2d 328, quoting *Moser v. N.D. State Hwy. Comm'r*, 369 N.W.2d 650, 653 (N.D.1985).

[¶ 15] The standards set forth by the code and by case law were not met when the hearing officer failed to establish the foundation for introduction of the test results with documentation showing the approved Intoxilyzer method.

[¶ 16] When the State fails to establish compliance with the toxicologist's directions, which go to the scientific accuracy of the test, the State must prove fair administration through expert testimony. *Schwind v. Dir., N.D. Dep't of Transp.*, 462 N.W.2d 147, 152 (N.D.1990). Absent a showing of strict compliance with the approved method, expert testimony is necessary to demonstrate the scientific accuracy of the test. In the present case, the arresting officer was the only person to testi-

fy at the hearing, and he was not established as an expert.

[¶ 17] The hearing officer's comment that "there is no evidence that the approved method was not used" suggests Lee had a burden to establish such evidence. Instead it is the burden of the Department to establish that the Intoxilyzer test was fairly administered. *Ringsaker*, at ¶ 11. If the Department wishes to rely on the eased requirements for admissibility under N.D.C.C. § 39–20–07, it must adhere to those requirements. It failed to do so. Because the foundation for admission of the Intoxilyzer test result was not laid, the decision of the hearing officer is not supported by the weight of the evidence.

[¶ 18] The judgment of the district court is affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.