Filed 5/17/05 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2005 ND 91

Eric Scott Bollin, Petitioner and Appellee

v.

North Dakota Department

of Transportation, Respondent and Appellant

No. 20040291

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Per Curiam.

Timothy Q. Purdon, Dickson & Purdon, 107 W. Main Ave., Ste. 150, P.O. Box 1896, Bismarck, ND 58502-1896, for petitioner and appellee.

Douglas B. Anderson, Assistant Attorney General, Office of Attorney General, 500 N. 9
th
 St., Bismarck, ND 58501-4509, for respondent and appellant.

Bollin v. N.D. Dep’t of Transportation

No. 20040291

Per Curiam.

[¶1] The North Dakota Department of Transportation (“Department”) appeals from a district court judgment reversing the administrative hearing officer’s suspension of Eric Scott Bollin’s driving privileges for 365 days after he was arrested for driving under the influence of alcohol.  We affirm.

I.

[¶2] Burleigh County Deputy Sheriff Kirk Hagel stopped Bollin after observing Bollin’s car cross the center line of the highway.  Deputy Hagel smelled alcohol and observed Bollin’s eyes were bloodshot and glassy, and Bollin admitted he had consumed alcohol.  Bollin failed the field sobriety tests and registered a blood alcohol concentration of 0.089 percent by weight on the onsite breath screening test.  Deputy Hagel arrested Bollin for driving under the influence of alcohol and took him to a hospital for blood testing.

[¶3] The nurse administering the test twice attempted to obtain a blood sample from Bollin.  The first attempt collected an insufficient amount of blood, but the second attempt was successful.  Analysis of the second sample indicated a blood alcohol concentration of 0.12 percent by weight.  Bollin received a temporary operator’s permit and requested an administrative hearing.

[¶4] Bollin objected at the administrative hearing to admission of the test results.  When asked to specify his objection, Bollin’s counsel replied that he would specify the objection after cross-examination.  The hearing officer admitted the results over the objection.  

[¶5] Bollin’s counsel questioned Deputy Hagel and the state toxicologist about the use of disinfectant during the collection of Bollin’s blood sample.  The nurse who collected the sample indicated on the checklist that she had used the disinfectant that came with the kit, but she also marked that an alternative disinfectant had been used.  The line for providing the name of the alternative disinfectant was left blank.  The state toxicologist testified that the level of alcohol in the disinfectant could affect the test results, and without knowing what disinfectant was used, she could not testify the results were accurate.  Deputy Hagel testified he was present when the sample was obtained, and he did not recall the nurse using an alternative disinfectant.  He admitted he was not one hundred percent certain an alternative disinfectant had not been used, and he acknowledged that only the nurse could testify with complete certainty.

[¶6] The administrative hearing officer decided it was more likely the nurse inadvertently checked an extra box on the form than used an alternative disinfectant without Deputy Hagel realizing it and suspended Bollin’s license for 365 days.  Bollin appealed and the district court reversed the suspension.

II.

[¶7] Although on appeal this Court reviews the record before the administrative agency, 
Ringsaker v. Director, N.D. Dep’t of Transp.
, 1999 ND 127, ¶ 5, 596 N.W.2d 328, the district court’s sound reasoning is entitled to respect, 
Lee v. N.D. Dep’t of Transp.
, 2004 ND 7, ¶ 8, 673 N.W.2d 245.  This Court will affirm an agency’s decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

Id.
; N.D.C.C. § 28-32-46.

[¶8] This Court has previously articulated its process for reviewing agency decisions:

We give great deference to the Department's findings of fact, and we do not make independent findings or substitute our judgment for that of the Department; rather, we determine only whether a reasoning mind reasonably could have concluded the Department's findings were supported by the weight of the evidence from the entire record.

Lee
, 2004 ND 7, ¶ 9, 673 N.W.2d 245.  “In reviewing a suspension, the Court determines only whether a reasoning mind could have concluded the Department’s findings were supported by the weight of the evidence from the entire record.”  
Id.

[¶9] Bollin argues the administrative hearing officer should not have received the results of the blood test when there is evidence the test was not administered in accordance with the approved method.  “The results of the chemical analysis must be received in evidence when it is shown that the sample was properly obtained and the test was fairly administered, and if the test is shown to have been performed according to methods and with devices approved by the state toxicologist, and by an individual possessing a certificate of qualification to administer the test issued by the state toxicologist.”  N.D.C.C. § 39-20-07(5).

[¶10] The method approved by the state toxicologist requires completion of a form entitled Submission for Blood (104), including specification of the type of alternative disinfectant used if such use is indicated.  The form for Bollin’s sample indicates use of both the disinfectant included in the kit and an unidentified alternative disinfectant.  Deputy Hagel, who assisted the nurse collecting the specimen, testified that he did not recall her using another disinfectant, but the events had occurred over a month before the trial and he did not clearly remember everything.

[¶11] This Court has previously said “[w]hen the State fails to establish compliance with the toxicologist’s directions, which go to the scientific accuracy of the test, the State must prove fair administration through expert testimony.”  
Lee
, 2004 ND 7, ¶ 16, 673 N.W.2d 245.  The state toxicologist stated she could not testify to the accuracy of Bollin’s test results without knowing which alternative disinfectant was used.  Deputy Hagel testified he did not clearly remember which disinfectant was used and acknowledged only the nurse who collected the blood sample could testify with complete certainty.  The nurse who collected the blood specimen did not testify at trial, and the only evidence of disinfectant use she provided was the marks on Form 104.

[¶12] The administrative hearing officer found:

The second sample of Eric Bollin's blood was tested in accordance with the state toxicologist's approved method, with the results showing an alcohol concentration of .12 percent.

When the second sample of Mr. Bollin's blood was drawn, the nurse made a mark in the box for "used an alternative disinfectant," and also apparently made another mark over it in the same box. Deputy Hagel did not see a second or alternative disinfectant being used, and he watched the entire blood drawing process. The probability appears to be far higher that the nurse inadvertently checked an extra box on Form 104 than that the nurse used two disinfectants on one blood draw without having the use of a second disinfectant be noticed by Deputy Hagel.

[¶13] A reasoning mind examining the form would not have made the same inferences as the hearing officer.  The form is unclear as to which disinfectant was used, and the state toxicologist testified she could not say the test results were accurate without that information.  Deputy Hagel’s testimony does not resolve the ambiguity present on the face of the form.  The hearing officer’s conclusions were not reasonable based on the evidence.  We affirm the district court’s reversal of Bollin’s suspension.

III.

[¶14] The Department argues Bollin failed to preserve his objection to the admission of the test results by not specifying his objection when the hearing officer asked him to.  This Court has said, “if the hearing officer had sought more specific objections before ruling on them, [the defendant] would have had to specify or risk waiving his objections.”  
Tabert v. N.D. Dep’t of Transp.
, 1997 ND 39, ¶ 7, 560 N.W.2d 883; 
see also
 N.D.R.Ev. 103(a)(1) (requiring a statement of the specific ground of objection unless such ground is not apparent from the context).

[¶15] The hearing officer asked Bollin if he could be more specific on his objections before she ruled on them.  Bollin responded, “I don’t have anything more specific at this time.  Maybe after cross-examination, I will.  If I do, I’ll specify at that point in time.”  The hearing officer stated, “[v]ery well.  The objection, since it is not specific, is now overruled.”  Bollin solicited testimony from the state toxicologist and Deputy Hagel regarding Form 104, then stated during closing arguments why he felt the test had not been properly administered.

[¶16] When Bollin said he was unable to specify the grounds for his objection, but would do so later if possible, the hearing officer stated the objection was overruled “now,” implying she would be willing to reconsider at a later point in the hearing.  While the formal objection was never specifically renewed, Bollin’s closing argument stated his reasons for wanting the test results kept out of evidence.  In any event, the record indicates both Bollin and the hearing officer were willing to reconsider the objection once Bollin had an opportunity to examine the witnesses and all the testimony had been heard, and, significantly, the hearing officer did subsequently resolve the substance of the objection, the ambiguity in the form, in the findings.

IV.

[¶17] Bollin claims the Department should not be able to argue he failed to preserve his objection because the argument was not raised at the district court.  Because we find Bollin preserved his objection at the administrative hearing for reasons set forth above, we find it unnecessary to address this issue.

V.

[¶18] We affirm.

[¶19] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Mary Muehlen Maring

[¶20] The Honorable Carol Ronning Kapsner disqualified herself subsequent to oral argument and did not participate in this decision.

[¶21] The Honorable William A. Neumann, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.